Per Curiam.

The evidence in this record fully sustains the finding of the official referee that the respondents are guilty of professional misconduct.
The respondent Gladstone, representing a corporation in reorganization under section 77B of the Bankruptcy Act (U. S. Code [1934 ed.], tit. 11, § 207), agreed upon the material terms of a settlement with a tenant of part of the premises owned by the corporation, whereby the latter’s lease was to be can-celled. The consideration, among other things, called for the payment of $10,000 back rent and an additional sum of appi oximately $17,000 in cash. Thereafter, the respondent Lewis was retained as counsel by the tenant at the instigation of the respondent Gladstone. The latter and Lewis had been very friendly for a number of years. The respondent Gladstone then succeeded in having his client, a corporation in reorganization, and a committee of stockholders consent to a settlement proposed by the respondent Lewis whereby court permission was obtained permitting the lease to be cancelled without the payment of any cash consideration.
By the terms of his retainer, respondent Lewis was to be permitted under this latter settlement to receive the entire cash consideration which had been part of the settlement theretofore obtained by the respondent Gladstone.
This was done without any proper disclosure of the surrounding facts and circumstances either to the corporation in reorganization, the tenant, or the District Court, Southern District of New York, which granted a permissive order for the consummation of the settlement, which order was later set aside.
The official referee found this result was obtained through the connivance of both respondents, and that the conspiracy between them as charged to deprive respondent Gladstone’s client — the corporation in reorganization — of the cash consideration had been proved.
The respondent Gladstone, as evidenced by the minutes of the District Court, Southern District of New York, failed not only fully but adequately to inform the court of all the surrounding facts and circumstances. The permissive order was revoked before the consummation of the settlement proposed upon Gladstone’s petition and the consent of the attorneys for *594 a bondholders’ committee. Even then a full and frank disclosure was not made by respondents.
Both respondents properly were found guilty of having conspired wrongfully to divert from the corporation in reorganization proceedings, the cash consideration for the cancellation of the tenant’s lease.
The respondent Gladstone was further properly found guilty of lack of proper candor and with deception in obtaining permission of the United States District Court, Southern District of New York, for the settlement in question.
The United States District Court, Southern District of New York, has found respondents guilty (In re Gladstone, 28 F. Supp. 858).
The respondent Milton Gladstone should be disbarred.'
The respondent David J. Lewis should be disbarred.
Martin, P. J., Townley, Glennon, Dore and Callahan, JJ., concur.
Respondents disbarred.